IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

     Plaintiff,                    No. 2:13-cv-1470-EFB P

     vs.

JUDGE RON LLOYD CONNELLY,

     Defendant.                ORDER AND
                                          FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). To proceed with a civil action a plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis. The court finds that this action must be dismissed because plaintiff has neither paid the filing fee, nor demonstrated that he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while

1

1  incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon
2  which relief may be granted.  *See* (1) *Weaver v. California Corr. Inst.*, No. 1:06-cv-01429 OWW
3  SMS P, 2007 U.S. Dist. LEXIS 32826 (E.D. Cal. Apr. 20, 2007) (order dismissing action as
4  frivolous and malicious); (2) *Weaver v. CCI-Tehachapi*, No. 1:04-cv-6079 LJO WMW P (E.D.
5  Cal. Dec. 7, 2007) (order dismissing action for failure to state a claim); and (3) *Weaver v. Appeal*
6  *Coordinator*, No. 1:06-cv-0134 OWW DLB P, 2006 U.S. Dist. LEXIS 61532 (E.D. Cal. Aug 28,
7  2006) (order dismissing action for failure to state a claim).
8        Further, it does not appear that plaintiff was under imminent threat of serious physical
9  injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d
10  1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where
11  complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical
12  injury at the time of filing).  In the complaint, plaintiff alleges that he has not received responses
13  to motions that he submitted to state court.  ECF No. 1.  Plaintiff's allegations do not
14  demonstrate that he suffered from imminent danger of serious physical injury at the time he filed
15  his complaint.  Thus, the imminent danger exception does not apply.
16        Because plaintiff has not paid the filing fee and is not eligible to proceed *in forma*
17  *pauperis*, this action must be dismissed.
18        Accordingly, it is hereby ORDERED that this action be randomly assigned to a United
19  States District Judge.
20        Further, it is hereby RECOMMENDED that this action be dismissed without prejudice to
21  re-filing upon pre-payment of the $400 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1914 (District
22  Court Miscellaneous Fee Schedule, No. 14), 1915(g).
23        These findings and recommendations are submitted to the United States District Judge
24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
25  after being served with these findings and recommendations, any party may file written
26  objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 25, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3